UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00770-WYD

MICHAEL G. RODMAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Remand filed February 4, 2010. Plaintiff filed a response in opposition to the motion on February 12, 2010. For the reasons set forth below, Defendant's Motion for Remand is denied.

The motion asserts that the agency's Appeals Council has determined that a remand for further proceedings is appropriate. If the motion is granted, the Appeals Council intends to remand the matter to an administrative law judge (ALJ). The motion points out that on May 26, 2009, after the ALJ issued the decision at issue here, Plaintiff filed new applications for disability insurance benefits and supplemental security income. On December 28, 2009, Plaintiff was notified by the agency of a favorable determination on his new applications and he was found disabled effective August 26, 2006. A notice of award of benefits was issued on January 3, 2010.

The Commissioner asserts that while it believes the ALJ's March 2008 decision finding that Plaintiff was not disabled as of the date of that decision is supported by

substantial evidence, as argued in its response brief, the determination on Plaintiff's new applications that he was disabled effective August 26, 2006 conflicts with the March 2008 decision.  Accordingly, it is argued that the case should be remanded in order for the agency to reconcile the discrepancy between the March 2008 ALJ decision and the December 2009 determination on Plaintiff's subsequent applications.  The Commissioner further asks the Court to specify in its order that the case is being reversed with a remand pursuant to sentence four of 42 U.S.C. § 405(g), and to direct the clerk to enter a judgment in accordance with Fed. R. Civ. P. 58.

I deny the request for remand at this time.  I agree with Plaintiff that before any remand occurs, I should first consider the issues raised by Plaintiff in his appeal to determine whether the 2008 decision should be reversed, whether an order of payment of benefits is appropriate, whether the ALJ made errors in the 2008 ruling that require a remand for further fact finding, and what section of 42 U.S.C. § 405(g) should apply to any remand.  That way if a remand occurs, the Commissioner will be able to evaluate not only any conflict between the 2008 and 2009 decisions of the agency, but any other issues I find need to be addressed as to the March 2008 decision.

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Remand (doc. # 33) is **DENIED**.

Dated:  June 24, 2010

                                    BY THE COURT:

                                    s/ Wiley Y. Daniel
                                    Wiley Y. Daniel
                                    Chief United States District Judge