UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00770-WYD

MICHAEL G. RODMAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

**ORDER**

THIS MATTER is before the Court on Plaintiff's Application for an Award of Attorney Fees under the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412, filed June 7, 2011.  The motion requests fees in the total amount of $14,725.97 for approximately 82 hours of attorney time (after a voluntary reduction of hours expended on the case by 20%) as well as $371.51 in expenses.  Plaintiff attaches documentation to the Application that supports the fees.  The Commissioner filed a Response in opposition to Plaintiff's Application on June 21, 2011, and a Reply was filed by Plaintiff on July 1, 2011.

Turning to my analysis, the EAJA provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Commissioner opposes Plaintiff's Application on the grounds that the fees requested by Plaintiff's counsel as

well as his hourly rate are not reasonable and because special circumstances make the full award of fees unjust. Issues of prevailing party status and substantial justification are not disputed by the Commissioner.

I find, for the reasons set forth in Plaintiff's Application and Reply, that Plaintiff was the prevailing party and that the position of the United States was not substantially justified. I also reject the Commissioner's argument that special circumstances make the full award of fees unjust. The Commissioner argues as to those circumstances that Plaintiff's counsel unnecessarily increased the fees in the case by choosing to contest the Commissioner's motion for a voluntary remand, and that he did not obtain an additional benefit for his client by contesting that motion. Additionally, instead of immediately informing defense counsel of a subsequent award of benefits to Plaintiff by the Commissioner, the Commissioner argues that Plaintiff's counsel unnecessarily expended time composing a reply brief and did not notify defense counsel about the award until after the reply was filed.

The Commissioner asserts that the above circumstances make an award of fees for all the hours claimed unjust, and that the Court should deny Plaintiff's claim for 21.8 hours (the hours expended authoring a reply brief and opposing the agency's motion for voluntary remand), as counsel's efforts were unnecessary and ultimately unsuccessful. He further argues that many courts have found that special circumstances under the EAJA exist in cases where the plaintiff opposes the Commissioner's motion to remand the case and a remand is the Court's ultimate remedy.

I reject the Commissioner's argument that a reduction of fees is necessary due to the special circumstances presented in this case. I agree with Plaintiff that he did, in

fact, receive a benefit by opposing the motion for remand and allowing the Court to address the motion. As Plaintiff notes, the motion for remand does not concede any of the specific errors that were alleged in the Complaint and the Opening Brief, and did not propose to address any of those issues. Indeed, the motion alleged that the ALJ's decision was supported by substantial evidence, and only sought to remand to reconcile any discrepancy between the March 2008 decision of the ALJ and the December 2009 determination by the Social Security Administration.

Plaintiff's response to the motion for remand argued for a remand with an award of benefits, and asked in the alternative that the Court remand with instructions to give the Commissioner guidance as to errors that were committed by the ALJ. In my ruling on the motion to remand, I agreed with Plaintiff that before any remand occurs, I should first address the merits of the appeal so that any errors found could be addressed on remand. The Order on the merits in this case found that the ALJ's decision was not supported by substantial evidence, and found numerous errors that the Court directed be corrected on remand. Thus, Plaintiff obtained significant relief not addressed by the motion to remand.

I also reject the Commissioner's argument that special circumstances make a reduction of fees inappropriate because Plaintiff's counsel did not immediately advise counsel for the Commissioner that Plaintiff had received, in December 2009, a favorable decision finding Plaintiff disabled as of August 26, 2006.[1] Instead, Plaintiff's attorney

---

[1] This award was made in reference to a new application for benefits filed by Plaintiff during the pendency of this lawsuit. The new award, under applicable rules, could not award benefits any earlier than the prior decision of the ALJ. Thus, an issue remained as to whether benefits should be awarded prior to the date of the administrative decision.

expended time on his reply, notifying Commissioner's counsel only on January 21, 2010, 20 days after reviewing the award notice and the day before Plaintiff filed his reply brief. I do not find that this makes a reduction in fees appropriate. I agree with Plaintiff that it was reasonable for him to assume that the Commissioner's counsel would have receive this notice from his own client.

I now turn to the reasonableness of the fees expended. The Commissioner argues that Plaintiff has not demonstrated that the hours expended, even after counsel reduced the fees by 20%, are reasonable, and that Plaintiff should be awarded fees for only 30 hours of attorney time. In support of that argument, the Commissioner asserts that courts have found that the typical number of hours spent on a social security disability claim is between 20 and 40, and reduced the fees accordingly. In light of that, it is argued that Plaintiff's application seeking approximately 82 hours for work on a routine social security disability case, more than twice the upper end of hours courts finds reasonable and *after* a voluntary reduction of hours, is not reasonable.

I reject this argument by the Commissioner as a blanket basis to reduce fees, as each case must be looked at individually based on the circumstances in that case. Indeed, the EAJA does not provide for a flat rate for social security cases or that cases be paid based on some average amount of time generally expended. Rather, "EAJA fees are determined . . . by the 'time expended' and the attorney's '[hourly] rate,'. . . ." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 42 U.S.C. § 2412(d)(1)(A) and (B)).

The Commissioner further points out that the administrative record in this case is very modest, and that the briefs submitted by Plaintiff contain routine arguments made

in practically in every social security disability case. Further, it is argued that Plaintiff's attorney is an experienced social security attorney from whom the government should expect some additional efficiency. Yet counsel spent seven hours preparing the complaint and 1.4 hours on the Joint Case Management Plan, and more than 56 hours researching, writing, and editing his opening brief.

Turning to my analysis, I must determine whether the hours spent representing the Plaintiff were "reasonably expended". *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A). "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)). In making this determination, the court should "examine hours allotted to specific tasks." *Ramos*, 713 F.2d at 554. I also note in connection with this inquiry that counsel are expected to exercise their "billing judgment", "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson*, 160 F.3d at 434, 437.

In the case at hand, I find that the hours incurred by Plaintiff's counsel were reasonably expended. While the Commissioner argues that counsel unreasonably spent seven hours preparing the complaint, I disagree. The Amended Complaint filed by counsel[2] went into detail about the facts of the case and the specific errors

---

[2] The initial complaint was filed by Plaintiff who at that time was proceeding *pro se*.

committed by the ALJ. It obviously required an analysis of the record in order to determine what the errors were. Thus, I find that the time incurred in connection with the Amended Complaint was reasonable.

The Commissioner's response also makes reference to the 1.4 hours of time incurred in preparation of the proposed Case Management Plan, arguing that this is a standard pleading filed in every social security case in this district. However, Plaintiff notes that after conferring with defense counsel, Plaintiff's counsel revised the Plan to provide that Plaintiff could incorporate into his opening brief a request for remand pursuant to sentence 6 for any additional evidence that was being presented to the Court. Research was also conducted on this issue. Plaintiff points out that incorporating this issue into the briefs saved the parties briefing time as a separate motion did not have to be prepared and filed on this issue. Finally, Plaintiff states that a conference with defense counsel suggested looking at the case for a voluntary remand regarding the new evidence. All of this time was incurred in connection with the proposed Case Management Plan. As a result, I find that the fees expended on the Plan were reasonably expended.

As to the 56 hours spent preparing the opening brief, I agree that on the surface this seems somewhat excessive as it exceeds the average amount of time spent in social security cases and the record in this case was not extensive. However, Plaintiff cited multiple reasons for seeking reversal and payment of a benefits or a remand, which required extensive analysis. Most of the issues had to be closely tied to the administrative record, and a detailed review and analysis of the record was required. This is particularly true as Plaintiff's counsel did not originally represent Plaintiff in the

underlying administrative proceeding, and did not have the benefit of familiarity with the record before commencing his representation.

The opening brief, not counting multiple pages of attachments, was 52 pages long. The response brief was 40 pages, showing that the Commissioner also conducted a significant analysis of the issues. The Order on the merits was 41 pages, requiring a substantial expenditure of time by the Court on the issues raised in the appeal. Based on the foregoing, I find that the time incurred on the opening brief was reasonably expended. I also find that the remaining hours spent by Plaintiff's counsel on the case, which were not specifically objected to by the Commissioner, were reasonably incurred, particularly when I factor in the fact that Plaintiff's counsel exercised billing judgment by already reducing the amount of fees sought by 20%.

Finally, I address the issue of Plaintiff's counsel's hourly rate. Plaintiff's counsel seeks fees at the rate of $179.41, based on the rate at the time of the fee award by the Court. The Commissioner argues that the hourly rate should be the rate at the time the work was performed. In deciding this issue, I must look at the statutory language. 28 U.S.C. § 2412(d)(1)(A) states that "the court shall award to a prevailing party. . . other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action. . . ." The pertinent issue is when the fees were "incurred."

I agree with the Commissioner that fees were incurred when the work was actually performed, not when the fees are awarded by the Court. In this case, most of Plaintiff's counsel's work was completed by November 2009. Thus, I will use that timeframe, rather than March 2011 or the present date, as the appropriate date for the

cost of living calculation.  Accordingly, Plaintiff shall be awarded attorney fees at the rate of $173.68 per hour.

As to the award of fees, Plaintiff's counsel incurred 102.6 hours of fees which, when multiplied by the hourly rate of $173.68, totals $17,819.57.  Reducing that amount by 20%, per Plaintiff's directive based on his counsel's billing judgment, the amount of fees to be awarded is $14,255.65.  Plaintiff is also awarded $371.51, which represents an award of $350.00 for the filing fee and $21.51 for certified mailing as costs under 28 U.S.C. § 1920.  Accordingly, it is

ORDERED that Plaintiff's Application for an Award of Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, filed June 7, 2011, is **GRANTED**. Plaintiff is awarded fees in the amount of $14,255.65 plus $371.51 in costs.

Dated:  January 12, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge